**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **BUSTER JAMES MATTHEWS,** ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | No. 3:10-CV-0505-K-BH |
| ) | |
| **RICK THALER, Director,** ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner is an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID). Respondent is Rick Thaler, Director of TDCJ-CID.

On December 20, 1991, petitioner was convicted of conspiracy to commit capital murder in Cause No. F91-04645-RL in Dallas County, Texas. *See Matthews v. Quarterman*, No. 3:08-CV-1653-K (N.D. Tex.)(findings and recommendation dated October 31, 2008). His conviction was affirmed on appeal. (*Id.* at 1.) Since then, petitioner has challenged this conviction in federal court in six separate cases, the last three of which have been found to be successive. (*Id.* at 1-2.) *See also Matthews v. Quarterman*, No. 3:08-CV-1653-K (N.D. Tex. Nov. 25, 2008) (judgment dismissing petition as successive) *Matthews v. Quarterman*, 3:08-CV-1450-K (N.D. Tex. Sept. 26, 2008) (judgment dismissing petition as successive); *Matthews v. Quarterman*, 3:02-CV-1059-G (N.D. Tex. July 11, 2002) (judgment dismissing petition as successive).

## II.  NATURE OF SUIT

On March 9, 2010, petitioner initiated this action with a filing entitled "Application for Certificate of Appealability." (Petition (Pet.) at 1.) In a supporting memorandum, he asserts that this Court has jurisdiction over this case under 28 U.S.C. § 2241 and that he is incarcerated pursuant to an unlawful conviction. (Memorandum (Mem.) at 1.) He challenges his extradition from New Mexico to Texas before he was tried and convicted in 1991 of conspiracy to commit capital murder as well as the life sentence he received for that conviction. (Mem. at 1-2, 14.) It is clear from his filings that petitioner is again attempting to attack the constitutionality of his state conviction by way of the federal habeas process.

Challenges to convictions are governed by 28 U.S.C. § 2254. In addition, § 2241(c) provides that habeas relief is not available to a prisoner unless

> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court of judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted . . . or
>
> (5) It is necessary to bring him into court to testify or for trial.

Only the third paragraph appears to apply in this case. If petitioner is "in custody in violation of the Constitution or laws or treaties of the United States" for purposes of § 2241(c)(3), he is also in custody for purposes of § 2254. Because "a more specific provision controls a more general provision", *see Carmona v. Andrews*, 357 F.3d 535, 538 (5th Cir. 2004), this action falls under the

more specific provision of § 2254 and is therefore construed as arising under that section.

### III.  JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[1] A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v.*

---

[1] Although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

3

*Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, petitioner challenges the same 1991 conspiracy to commit capital murder conviction that he challenged in his prior six federal petitions. His first petition was dismissed for failure to exhaust state court remedies, and his second petition was denied on its merits. *See Matthews v. Scott*, 3:94-CV-2490-T (N.D. Tex); *Matthews v. Johnson*, 3:95-CV-2523-H. The last three of those prior petitioner were dismissed as successive. Under *Hardemon* and *Crone*, petitioner was required to present all available claims in his first federal petition addressed on its merits. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in petitioner's initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that

the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B). Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief, this Court lacks jurisdiction over this action.

It is appropriate in some circumstances to transfer the successive petition to the Fifth Circuit for a determination of whether petitioner should be allowed to file the successive motion in the district court. *See Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002*); In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (approving the practice of transferring a successive petition to the Circuit and establishing procedures in the Circuit to handle such transfers). Here, dismissal is appropriate because petitioner has already been directed three times to seek leave from the Fifth Circuit to file a second or successive petition. By filing yet another successive petition for writ of habeas corpus without first obtaining leave from the Fifth Circuit, petitioner has abused the judicial process.

### IV. SANCTIONS

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority."

5

*In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees — indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

This is the seventh time petitioner has tried to collaterally attack his state conviction in federal court. On November 25, 2008, the Court strongly warned petitioner that:

> [i]f he makes further misstatements of fact to the Court *or* files another successive habeas petition without first obtaining leave from the Fifth Circuit Court of Appeals, he will be subject to sanctions, up to and including monetary sanctions payable to the Court and being barred from filing any additional habeas actions in federal court without first obtaining permission from the Court.

*Matthews v. Quarterman*, No. 3:08-CV-1653-K (N.D. Tex. Nov. 25, 2008) (emphasis added). Despite this express warning, petitioner filed another habeas action without obtaining leave from the Fifth Circuit. He should therefore be banned from filing any additional habeas actions in federal court without leave of court and sanctioned $50.00, taxable from his prisoner account.

## V. RECOMMENDATION

The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 should be **DISMISSED without prejudice** pending review by a three-judge panel of the Fifth Circuit Court of Appeals. Petitioner should also be barred from filing any further federal habeas actions chal-

6

lenging his 1991 conspiracy to commit capital murder conviction except upon a showing that the Fifth Circuit Court of Appeals has granted leave to file a successive petition, and he should be sanctioned in the amount of $50.00 taxable from his inmate trust account.

**SIGNED this 18th day of May, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE